1 | BRIAN DUNN, ESQ. (SBN 176502)
2 | ANAHITA SEDAGHATFAR, ESQ. (SBN 217289)
   | **THE COCHRAN FIRM – CALIFORNIA**
3 | 4929 Wilshire Boulevard, Suite 1010
   | Los Angeles, California 90010-3856
4 | Telephone: (323) 435-8205
   | Facsimile: (323) 282-5280
5
   | Attorneys for Plaintiff
6 | JANE DOE

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 02 2018

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

7 

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8 

**COUNTY OF LOS ANGELES-CENTRAL DISTRICT**

9

| | |
|---|---|
| JANE DOE, an individual, | Case No. **18STCV03523** |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | 1. **VIOLATION OF 20 U.S.C. §1681 (TITLE IX)** |
| CALIFORNIA INSTITUTE OF TECHNOLOGY, a California Corporation; ▮▮▮▮▮ an individual; KEVIN GILMARTIN, an individual; and DOES 1 through 100, inclusive, | 2. **ASSAULT** |
| | 3. **BATTERY** |
| | 4. **SEXUAL BATTERY** |
| Defendants. | 5. **NEGLIGENCE** |
| | 6. **VIOLATION OF CIVIL CODE §52.4, *ET SEQ.*** |
| | 7. **VIOLATION OF CIVIL CODE §52.1, *ET SEQ.*** |
| | 8. **VIOLATION OF CIVIL CODE §51.7, *ET. SEQ.*** |
| | 9. **FALSE IMPRISONMENT** |
| | 10. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| | 11. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** |

1

**12.  VIOLATION OF
BUSINESS & PROFESSIONS
CODE §17200, *ET. SEQ.***

**DEMAND FOR JURY TRIAL**

### INTRODUCTORY ALLEGATIONS

1.      At all relevant times mentioned herein, Plaintiff JANE DOE ("Plaintiff") was female and an individual residing in the State of California, County of Los Angeles. The identity of Plaintiff is not disclosed in this Complaint in order to protect her identity, as Plaintiff was a victim of a sex crime. The identity of Plaintiff has been made known to Defendants by separate communication.

2.      Plaintiff is informed, believes and thereon alleges that at all relevant times mentioned herein, Defendant CALIFORNIA INSTITUTE OF TECHNOLOGY ("Caltech") is an educational institution located at 1200 E. California Blvd., Pasadena, CA 91125 with approximately 1,000 undergraduate students.

3.      Plaintiff is informed, believes and thereon alleges that at all relevant times mentioned herein                                    was an individual residing in the State of California, County of Los Angeles, and a student at Caltech.

4.      Plaintiff is informed, believes and thereon alleges that at all relevant times mentioned herein KEVIN GILMARTIN ("Gilmartin") was an individual residing in the State of California, County of Los Angeles, and the Dean of Undergraduate Students at Caltech.

5.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100 inclusive, whether individual, corporate or otherwise and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when they have been ascertained.

6.      Plaintiff is informed, believes and thereon alleges that each Defendant sued herein, inclusive, was acting as the agent or employee of each of the other Defendants, and in doing the acts alleged herein, was acting within the course and scope of such agency and/or employment, and/or aided, abetted, cooperated with, and/or conspired with one another to do the acts alleged herein.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.      The allegations set forth in paragraphs 1 through 6 are incorporated herein by reference.

8.      Plaintiff is a 20 year old Asian American female who at all relevant times was an undergraduate student at Caltech. To date, Plaintiff is a student at Caltech. Prior to the subject incident, Plaintiff was a flourishing young lady, who against all odds, managed to get accepted to numerous Ivy League schools such as Princeton, Yale and Cornell right out of high school and with full scholarships. In fact Plaintiff was accepted at all schools to which she applied.  Plaintiff chose to attend Caltech because she wanted to major in planetary sciences and had big dreams for her future career in the sciences. Plaintiff had excelled in sports and academics her entire life. Sadly, as a result of Defendants' illegal conduct alleged herein, Plaintiff's life has profoundly changed for the worst and will never be the same again.

9.      Defendant ██████ is a Caucasian 21 year old male and at all relevant times was an undergraduate student at Caltech. To date, ██████ is a student at Caltech and at all relevant times was a member of the ██████████████.

10.     Defendant Gilmartin at all relevant times was the Dean of Undergraduate Students at Caltech and was in charge of overseeing Caltech's purported Title IX investigation at issue in this case.

11.     This is a case involving the intentional coercion, false imprisonment, sexual assault and rape of Plaintiff, on or about August 17, 2017 in a dormitory at Caltech at the hands of ██████ the subsequent botched Title IX purported "investigation" conducted by Caltech and the hostile educational environment created by Caltech which, to date, continues to exist.

12.     It is notable that Caltech is a very small school, with less than 1,000 undergraduate students. Nonetheless, in 2016 alone, there were 11 *reported* rapes on Caltech's campus (9 in the residential facilities) and 11 *reported* incidents of dating violence (9 in the residential facilities). It is widely known that Caltech has a reputation for promoting and enabling a "rape culture" to exist on campus; so much so that on or about 2016, concerned Caltech students protested at Caltech and posted flyers around campus and in the dorms demanding that the school remedy this issue and take

1  acts of sexual violence seriously. Similarly, Caltech has a history of failing to support survivors of

2  sexual violence, for victim blaming, for brushing under the rug incidents of sexual violence on

3  campus and for not properly conducting Title IX investigations.  Indeed, Gilmartin has also been

4  publicly criticized for same. Caltech has a documented history of failing to comply with Title IX and

5  its own policies as it relates to investigations of sexual assault and rape on campus.

6       13.    In addition to receiving federal funding, Caltech receives and relies upon millions of

7  dollars a year in donations. By way of example, in 2017, the founders of Panda Express donated $30

8  million dollars to Caltech. In 2016, a Chinese billionaire donated $115 million dollars to Caltech. In

9  2001, a couple donated $600 million to Caltech. As such, Caltech and Gilmartin at all relevant times

10  had and continue to have a paramount financial interest in protecting the reputation and commercial

11  viability of the institution.

12       14.    On or about August 2017, Plaintiff and her boyfriend had broken up, and this was

13  understandably very difficult for her. Plaintiff was particularly vulnerable at this time. ▮▮▮▮ who

14  knew of this breakup and knew that Plaintiff was very sad about it, invited Plaintiff to a dorm room

15  on campus for what she was told would be a gathering of friends. This was the beginning of

16  ▮▮▮▮'s plan and scheme to deceive and coerce Plaintiff under false pretenses, get her drunk to the

17  point of blacking out and raping her.

18       15.    Upon Plaintiff's arrival to the dorm room, (where approximately seven other students

19  were present) ▮▮▮▮ immediately began encouraging and pressuring Plaintiff to drink alcohol

20  because he claimed "alcohol healed a broken heart." Plaintiff was drinking water and stated to

21  ▮▮▮▮ that she did not wish to drink alcohol, yet ▮▮▮▮ was relentless in pressuring Plaintiff to

22  drink alcohol, all the while telling her it would make her "feel better" and would help her "not be so

23  sad." At this time, ▮▮▮▮ prepared a drink for Plaintiff, which she accepted (and which Plaintiff

24  later was informed, believes and thereon alleges contained as much alcohol as 4.5 drinks). As

25  Plaintiff was slowly sipping the drink, ▮▮▮▮ began shoving the cup in Plaintiff's face telling her to

26  "drink up," and to "hurry up." ▮▮▮▮ proceeded to tell Plaintiff that he had helped another girl with

27  a difficult breakup and could do the same for her, but that she needed to drink the alcohol first.

28

16.     A short time later, when one of the other students in the dorm room fell asleep, ███ suggested to Plaintiff that they go to another dorm room a few doors down the hall, telling her he had some "information" regarding Plaintiff's ex-boyfriend that he wanted to share with her. ███ made this representation all the while knowing that it was false and he said it with the intent to deceive Plaintiff so that he could somehow lure her to the other room where they would be alone so that he could rape her. In reality, ███ had no such information about Plaintiff's ex-boyfriend and ███ knew that Plaintiff was particularly vulnerable and was beginning to become affected by the alcohol.

17.     Once in the other dorm room, ███ and Plaintiff were alone. ███ provided Plaintiff with yet another drink that he had prepared in the prior dorm room (again containing what Plaintiff is informed, believes and thereon alleges contained as much alcohol as 4.5 drinks) and continued to pressure her to drink. In furtherance of his scheme, ███ persisted to lie to Plaintiff, assuring her that he has some information to share with her about her ex and she would really want to know about it. At this time, Plaintiff began feeling increasingly uncomfortable, increasingly intoxicated and increasingly dizzy. Plaintiff decided she wanted to leave and thus attempted to walk out of the dorm room. ███ immediately blocked the door with his body and spread his arms out, preventing Plaintiff from leaving. ███ then pushed Plaintiff away from the door so that she could not leave and Plaintiff felt that she could not leave.

18.     ███ then continued to bait Plaintiff with the supposed information he had about her ex, but stated that he would not tell her until she completely finished her second drink.

19.     ███ then proceeded to lie down on the bed and told Plaintiff to lie down and "cuddle" with him. Plaintiff said "no" and advised ███ that she was not feeling well due to the effects of the alcohol. ███ again persisted and told Plaintiff to lie down on the bed until she felt better and "not to worry." ███ said he would turn his back to her to make her feel more comfortable. ███ told Plaintiff that if she complied, he would finally tell her the information he supposedly had. Plaintiff complied and at this time, ███ grabbed Plaintiff's face and forcibly kissed her, without her consent. Plaintiff tried to resist but at this point felt so intoxicated that she could barely move. Plaintiff was feeling dizzy, weak, disoriented and as if she was losing track of her

1  surroundings. At this point ▮ forcibly removed Plaintiff's top, without her consent. Plaintiff

2  again tried to resist and tried to push ▮ off of her, but could not as she did not have the

3  strength. ▮ then proceeded to tell Plaintiff that her ex boyfriend had cheated on her (which

4  Plaintiff later found out was wholly untrue) and that he would tell her with whom. ▮ then

5  began to take off Plaintiff's pants. Plaintiff attempted to hold her pants up, as she was repeatedly

6  saying "no" and "stop," but again Plaintiff did not have the strength or ability to stop him as she was

7  fading in and out of consciousness. ▮ next forcibly and without her consent, penetrated

8  Plaintiff's vagina with his fingers, performed oral sex on her and then raped her.  All the while

9  Plaintiff was in tears, going in and out of consciousness and was in physical pain.

10      20.      When the rape was over Plaintiff got up and tried to leave the room, at which point

11  ▮ again blocked the door with his body preventing her from leaving. ▮ blocked the door

12  for a few minutes until he finally moved out of the way and Plaintiff was able to leave.

13      21.      It was now approximately 2:30 a.m. Plaintiff was in pain, fear and in shock. Plaintiff

14  called her mother and asked to be picked up from Caltech. Plaintiff's mother describes Plaintiff as

15  being ghost white, crying and silent the whole ride to her mother's home. Plaintiff got into bed and

16  cried the entire night. The next day ▮ sent Plaintiff a text message apologizing.

17      22.      The next day, Plaintiff went to the counseling center at Caltech and reported the rape.

18  *Shockingly, no one at Caltech reported the rape to the police nor did Caltech advise Plaintiff to do*

19  *so or advise her that she had a right to do so*. Despite Plaintiff's reporting of the rape, ▮ was

20  still permitted by Caltech to remain on campus. Caltech did not take any steps to have ▮

21  removed, even for a short period of time and pending a preliminary investigation into Plaintiff's

22  allegations. This was so despite Plaintiff's protestations to Caltech that she felt scared and unsafe

23  having to be and live on campus with ▮ there. As such, and as a result of Caltech's conduct,

24  Plaintiff was forced to live in fear day in and day out for the last year (and to date), going to school

25  and living on a small campus with her accused rapist, which has only added to her emotional

26  distress.

27      23.      Caltech began its purported Title IX investigation into Plaintiff's allegations. At the

28  outset, ▮ changed his story as to what had occurred at least three times. *Two months* after being

1 notified of the rape claim against him by Plaintiff and two months into the investigation, █████
2 suddenly and conveniently decided to file a claim with Caltech against Plaintiff, curiously alleging
3 that on the night in question, it was Plaintiff that had engaged in sexual relations with him while he
4 was intoxicated/incapacitated and without his consent.

5     24.     Not only did Caltech wholly fail to comply with Title IX at every juncture as it related
6 to their purported investigation, they failed to comply with their own policies and procedures for the
7 investigation of on campus sexual assaults and rapes. Perhaps one of the most egregious violations of
8 law and Caltech policy was Caltech questioning Plaintiff, on at least three occasions, about
9 Plaintiff's sexual conduct with her ex boyfriend and with other men. Shockingly, Caltech also
10 questioned █████'s girlfriend and impermissibly asked her questions about her sexual conduct with
11 █████. █████'s girlfriend stated to Caltech that █████ never performed oral sex upon her.
12 Caltech proceeded to use that statement to conclude that Plaintiff's allegation that █████ performed
13 oral sex upon her without her consent was untrue.

14     25.     Caltech engaged in a pattern and practice of repeatedly of re-victimizing Plaintiff by
15 intimidating her, accusing her of lying and blaming her for what had occurred, all in attempts to
16 silence Plaintiff and force her to drop her claims. Caltech treated █████ differently and more
17 favorably than Plaintiff the entire time it conducted its purported investigation. Not only did Caltech
18 impermissibly ask Plaintiff questions about her sex life with other men (violations of Caltech policy
19 and Title IX), she was repeatedly accused of lying, she was told by the investigators that she is not
20 "believable," she was victim blamed, she was asked accusatory "questions" and questions that had
21 no relation whatsoever to the investigation. Caltech did not interview all of the witnesses Plaintiff
22 identified for them. Moreover, Plaintiff was not provided with equal access to her file or the Title IX
23 documents, despite her numerous requests. Caltech engaged in this conduct and treated Plaintiff this
24 way in part due to her gender.

25     26.     Caltech put Plaintiff through an almost one year "investigation" (in violation of
26 Caltech's own policy permitting 60 days for such an investigation) which was anything but a search
27 for the truth and everything about protecting itself, its reputation and financial interests and to protect
28 the male perpetrator, █████. Critically, Caltech did not ever retain independent investigators.

1   Rather, Caltech utilized two clearly untrained and ill equipped Caltech professors to investigate this
2   rape case.

3          27.     Rather than being permitted to review the investigatory documents as ████ was
4   and as permitted by Caltech's own policy, Plaintiff was summoned to Gilmartin's office and was
5   told to come by herself. Upon her arrival to Gilmartin's office, Gilmartin, an attempt to further
6   intimidate Plaintiff, told her that he would "read" the documents to her rather than allow her to read
7   them herself. Plaintiff was shocked and asked once again that she be permitted to read the documents
8   herself per Caltech policy and as ████ was permitted to do. Gilmartin refused and proceeded to
9   read to Plaintiff Caltech's notes on the purported investigation, which blamed Plaintiff for what had
10  occurred, and painted Plaintiff out to be a liar.  Plaintiff felt humiliated, intimidated, scared and re-
11  victimized by Gilmartin's actions.

12         28.     Caltech Title IX coordinator Felicia Hunt even attempted to bribe Plaintiff in an
13  effort to silence her and in hopes of getting her to drop her rape claim by offering to take Plaintiff
14  shopping for Lululemon brand clothing "on her dime." Ms. Hunt also made repeated
15  misrepresentations to Plaintiff about the alleged investigation in efforts to mislead her and keep her
16  at bay.

17         29.     Upon completion of their purported "investigation," Caltech presented Plaintiff and
18  ████ with a "Remedy Based Resolution" that they were both asked to sign. Evidencing the utter
19  absurdity, ridiculousness and clear illegality of the "investigation" Caltech stated in writing that they
20  believed ***Plaintiff did not consent to the kissing, but did consent to the intercourse*** with ████
21  and that Plaintiff violated Caltech policy ***by having sexual intercourse with*** ████ ***while he was***
22  ***"incapacitated" and could not consent.*** It goes without saying that such an act would be
23  physiologically impossible. Caltech stated the above even though Caltech concluded that Plaintiff
24  was coerced and manipulated by ████ and was intoxicated during the incident; this means as a
25  matter of law Plaintiff herself could not even consent to any sexual activities.

26         30.     In furtherance of their intimidation of Plaintiff, Caltech and Gilmartin advised her that
27  if she did not sign the "Remedy Based Resolution," she would not be allowed to live in the dorm of
28  her choice, where Plaintiff had her support system and friends. Plaintiff was also advised by Caltech

1   and Gilmartin that if she did not sign the "Remedy Based Resolution" by the next day, that Gilmartin

2   would issue a formal finding where Plaintiff would be held responsible for violations of Caltech

3   policy, be sanctioned and that the policy violations and sanctions would become permanently part of

4   Plaintiff's educational record. Caltech wanted both parties to accept "a share of responsibility" for

5   what happened.

6       31.     It was clear Caltech's only intent was to protect itself from liability, to protect its

7   reputation and financial interests and protect ███████, a male and one of their "star" athletes.

8       32.     Plaintiff is informed and believes and thereon alleges that at all times during the

9   Caltech "investigation," ███████ was represented by an attorney. Plaintiff was not represented by an

10  attorney.

11      33.     As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to

12  suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage

13  in a sum according to proof.

14      34.     As a proximate result of Defendants' conduct, Plaintiff has been required to obtain

15  medical and psychological care, has been diagnosed with numerous mental health conditions, has

16  been prescribed medications and will likely require medical and psychological care for the rest of her

17  life.

18      **FIRST CAUSE OF ACTION: VIOLATION OF TITLE IX (20 U.S.C. §1681(a))**

19          **(By Plaintiff against Defendants Caltech and Gilmartin)**

20      35.     The allegations set forth in paragraphs 1 through 34 are incorporated herein by

21  reference.

22      36.     Plaintiff is informed, believes and otherwise alleges that Caltech is vicariously liable

23  for Gilmartin's actions under the principles of respondeat superior, as alleged herein and otherwise

24  had advance knowledge that Gilmartin, acting as the alter of Caltech, would engage in this

25  despicable conduct and by its actions and inactions ratified, authorized and condoned this unlawful

26  behavior.

27      37.     Defendants' actions and omissions perpetrated against Plaintiff amounted to

28  unlawful sexual harassment and discrimination on the basis of gender.

38.   Defendants created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments, 1972, 20 U.S.C. § 1681(a), as Plaintiff: was a member of a protected class; was subjected to forcible rape and sexual assault on campus by ████, a student at Caltech; was subjected to this unlawful conduct based upon her sex; and was subjected to a hostile educational environment created by Defendants' acts and omissions.

39.   Defendants' actions and omissions constitute deliberate indifference and created a hostile educational environment for its female students, including Plaintiff. Defendants had actual knowledge of the subject rape and the harassment Plaintiff endured was so severe and pervasive and objectively offensive that it deprived Plaintiff access to educational opportunities or benefits provided by the school.

40.   Before the subject rape, Defendants recognized or should have recognized that students, including ████ were committing and would commit rapes on campus and/or Defendants failed to enact and/or disseminate and/or implement proper or adequate policies to discover, prohibit or remedy the kind of harassment and discrimination that Plaintiff suffered. This failure included, without limitation, non-existent or inadequate customs, policies or procedures for the recognition, reporting, investigation and correction of unlawful discrimination and harassment.

41.   Defendants engaged in a pattern and practice of behavior designed to discourage and dissuade students who have been sexually assaulted and/or raped from seeking prosecution and protection and from seeking to have sexual assaults and rapes from being fully investigated. This policy and/or practice also constitutes disparate treatment of females and had a disparate impact on Defendants' female student population, including Plaintiff.

42.   As a proximate result of Defendants' deliberate indifference and conduct, Plaintiff has suffered and continues to suffer loss of educational opportunities and/or benefits, humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

43.   Defendants' conduct as described above was willful, despicable, knowing, and intentional. Accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

1    44.    Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff

2    is presently unaware of the precise amount of these expenses and fees and prays leave of court to

3    amend this complaint when the amounts are more fully known.

4                        **SECOND CAUSE OF ACTION: ASSAULT**

5                           **(By Plaintiff against All Defendants)**

6    45.    The allegations set forth in paragraphs 1 through 44 are incorporated herein by

7    reference.

8    46.    Defendant ▮▮▮ acted, intending to cause harmful or offensive contact upon

9    Plaintiff.

10   47.    Plaintiff reasonably believed that she was about to be touched in a harmful and

11   offensive manner.

12   48.    It reasonably appeared to Plaintiff that Defendant ▮▮▮ was about to carry out the

13   threat.

14   49.    Plaintiff did not consent to Defendant ▮▮▮ conduct.

15   50.    Plaintiff was harmed and Defendant ▮▮▮'s conduct was a substantial factor in

16   causing Plaintiff's harm.

17   51.    As a proximate result of Defendant ▮▮▮'s conduct, Plaintiff has suffered and

18   continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to

19   her damage in a sum according to proof.

20   52.    Defendant's conduct as described above was willful, despicable, knowing, and

21   intentional. Accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount

22   according to proof.

23   53.    Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff

24   is presently unaware of the precise amount of these expenses and fees and prays leave of court to

25   amend this complaint when the amounts are more fully known.

26   //

27   //

28   //

**THIRD CAUSE OF ACTION: BATTERY**

**(By Plaintiff against All Defendants)**

54.     The allegations set forth in paragraphs 1 through 53 are incorporated herein by reference.

55.     Defendant ▌▌▌▌ forcibly touched Plaintiff's person without Plaintiff's consent.

56.     Defendant did these acts voluntarily, intentionally, willfully, wantonly, maliciously, negligently and without proper consent. The actions of Defendant were intentional and/or reckless and/or negligent and/or done in conscious disregard of Plaintiff's rights. The actions of Defendant were harmful and offensive and a reasonable person in Plaintiff's situation would have been offended by this conduct. The actions of Defendant were the cause of injury and damage to Plaintiff.

57.     As a direct and proximate result of Defendant's conduct, Plaintiff sustained harmful and offensive contact, which led to her damages.

58.     The conduct of Defendant was done intentionally, recklessly, with fraud, oppression and malice.

59.     As a proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

60.     Defendant's conduct as described above was willful, despicable, knowing, and intentional. Accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

61.     Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

**FOURTH CAUSE OF ACTION: SEXUAL BATTERY**

**(By Plaintiff against All Defendants)**

62.     The allegations set forth in Paragraphs 1 through 61 are incorporated herein by reference.

63.     Defendant ▮▮▮ intended to cause harmful and offensive contact with Plaintiff's groin, vagina, mouth, lips and breasts, and a sexually offensive contact with Plaintiff resulted.

64.     Defendant intended to cause a harmful and offensive contact with Plaintiff by use of his sexual organ, penis, groin, lips, tongue and mouth, and a sexually offensive contact with Plaintiff resulted.

65.     Defendant caused an imminent fear of harmful and offensive contact with Plaintiff and Plaintiff's groin, vagina, mouth, lips and breasts, by use of his sexual organ, penis, groin, lips, tongue and mouth, and a sexually offensive contact with Plaintiff resulted.

66.     Plaintiff did not consent to the touching.

67.     Plaintiff was harmed and offended by Defendant's conduct.

68.     As a proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

69.     Defendant's conduct as described above was willful, despicable, knowing, and intentional. Accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

70.     Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

### FIFTH CAUSE OF ACTION: NEGLIGENCE

### (By Plaintiff against All Defendants)

71.     The allegations set forth in paragraphs 1 through 70 are incorporated herein by reference.

72.     At all relevant times herein, Defendants owed a duty of care to Plaintiff.

73.     Defendants breached their duty to Plaintiff.

74.     Defendants' conduct fell below the standard of care, violated state civil and criminal laws, and proximately caused injuries to Plaintiff.

1   75.   As a direct and proximate result of the foregoing breaches of Defendants, Defendants

2   are liable to Plaintiff for damages she sustained and according to proof.

3   76.   As a further direct and proximate result of the foregoing breaches of Defendants,

4   Plaintiff sustained severe emotional distress and mental suffering, all of which has caused and

5   continues to cause her great physical and mental pain and suffering.

6   77.   In light of Defendants' willful, knowing, malicious and intentional conduct against

7   Plaintiff, Plaintiff seeks an award of punitive and exemplary damages in an amount according to

8   proof.

9   ## SIXTH CAUSE OF ACTION:

10   ## VIOLATION OF CIVIL CODE §52.4, ET SEQ.

11   ### (By Plaintiff against All Defendants)

12   78.   The allegations set forth in Paragraphs 1 through 77 are incorporated herein by

13   reference.

14   79.   Defendants' conduct as described above, does constitute one or more criminal

15   offenses under California law that has an element the use, attempted use, or threatened use of

16   physical force against Plaintiff, and which was committed in part based upon Plaintiff's female

17   gender.

18   80.   Defendants' conduct as described above was a physical intrusion and/or physical

19   invasion of a sexual nature under coercive conditions.

20   81.   As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to

21   suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage

22   in a sum according to proof.

23   82.   Defendants' conduct as described above was willful, despicable, knowing, and

24   intentional. Accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount

25   according to proof.

26   83.   Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff

27   is presently unaware of the precise amount of these expenses and fees and prays leave of court to

28   amend this complaint when the amounts are more fully known.

**SEVENTH CAUSE OF ACTION:**

**VIOLATION OF CIVIL CODE §52.1, ET SEQ.**

**(By Plaintiff against All Defendants)**

84.     The allegations set forth in Paragraphs 1 through 83 are incorporated herein by reference.

85.     Defendant ▮▮▮▮ acted violently against Plaintiff to prevent her from exercising her constitutional rights.

86.     As a proximate result of Defendant ▮▮▮▮'s conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

87.     Defendant ▮▮▮▮'s conduct was a substantial factor in causing Plaintiff's harm.

88.     Defendant ▮▮▮▮'s conduct as described above was willful, despicable, knowing, and intentional. Accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

89.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

**EIGHTH CAUSE OF ACTION: VIOLATION OF CIVIL CODE §51.7, ET SEQ.**

**(By Plaintiff against All Defendants)**

90.     The allegations set forth in Paragraphs 1 through 89 are incorporated herein by reference.

91.     Defendant ▮▮▮▮ committed a violent act against Plaintiff.

92.     A substantial motivating reason for Defendant ▮▮▮▮'s conduct was Plaintiff's gender.

93.     As a proximate result of Defendant ▮▮▮▮'s conduct, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

94.     Defendant ▮▮▮▮'s conduct was a substantial factor in causing Plaintiff's harm.

1    95.    Defendant ████'s conduct as described above was willful, despicable, knowing,

2    and intentional. Accordingly, Plaintiff seeks an award of punitive and exemplary damages in an

3    amount according to proof.

4    96.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

5    Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of

6    court to amend this complaint when the amounts are more fully known.

7                **NINTH CAUSE OF ACTION: FALSE IMPRISONMENT**

8                      **(By Plaintiff against All Defendants)**

9    97.    The allegations set forth in Paragraphs 1 through 96 are re-alleged and incorporated

10   herein by reference.

11   98.    Defendants, as described above, non-consensually and intentionally confined

12   Plaintiff.

13   99.    Defendants did not have the lawful privilege to confine Plaintiff.

14   100.   Plaintiff was confined for a period of time.

15   101.   As a proximate result of Defendants' conduct, Plaintiff has suffered and continues to

16   suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage

17   in a sum according to proof.

18   102.   Defendants' conduct as described above was willful, despicable, knowing, and

19   intentional. Accordingly, Plaintiff seeks an award of punitive and exemplary damages in an amount

20   according to proof.

21   103.   Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff

22   is presently unaware of the precise amount of these expenses and fees and prays leave of court to

23   amend this complaint when the amounts are more fully known.

24                      **TENTH CAUSE OF ACTION:**

25          **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

26                      **(By Plaintiff against All Defendants)**

27   104.   The allegations set forth in Paragraphs 1 through 103 are re-alleged and incorporated

28   herein by reference.

105.    Defendants engaged in offensive, deliberate and intentional acts of misconduct and criminal acts against Plaintiff and knew that said conduct would cause or was likely to cause Plaintiff severe emotional distress.

106.    The aforesaid conduct of the Defendants was willful, intentional, wanton, malicious, oppressive, and despicable, and done with a conscious disregard of Plaintiff's rights and for the purpose of deliberately causing Plaintiff to suffer humiliation, mental anguish, emotional distress, as well as pecuniary loss and financial devastation. Defendants were aware that Plaintiff was particularly sensitive to said conduct, and that his conduct would cause or was likely to cause Plaintiff emotional distress. Plaintiff is therefore entitled to punitive damages against Defendants in an amount appropriate to punish or set an example of said Defendants.

107.    As a proximate result of the aforementioned acts, Plaintiff suffered emotional distress, including but not limited to humiliation, embarrassment and mental anguish, all to her general damage and in an amount to be determined according to proof.

108.    Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

### ELEVENTH CAUSE OF ACTION:

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**(By Plaintiff against All Defendants)**

109.    The allegations set forth in paragraphs 1 through 108 are incorporated herein by reference.

110.    Defendants took actions which were so extreme and outrageous as to cause serious emotional distress to Plaintiff.

111.    Plaintiff suffered physical and emotional injuries which were the direct result of Defendants' actions and were proximately caused by the conduct of Defendants.

112.    Defendants' actions evidenced a negligent disregard of Plaintiff's emotional well being which led to the injuries suffered by Plaintiff.

113.    The behavior of Defendants, based upon their ongoing duty to Plaintiff is

1 | extreme and outrageous.

2 | **TWELFTH CAUSE OF ACTION:**

3 | **VIOLATION OF BUSINESS & PROFESSIONS CODE § 117200, ET SEQ.**

4 | **(By Plaintiff against All Defendants)**

5 |     114.    The allegations set forth in paragraphs 1 through 113 are incorporated herein by

6 | reference.

7 |     115.    Plaintiff brings this action on her own behalf, on behalf of other members of the

8 | public similarly situated.

9 |     116.    Defendants have engaged in, and Plaintiff is informed, believes and thereon alleges

10 | that Defendants continues to engage in, a pattern and practice of unlawful, illegal and criminal

11 | conduct.  Therefore Defendants have engaged in unlawful, unfair and/or fraudulent conduct within

12 | the meaning of  California <u>Business & Professions Code</u> §§17200, et seq. entitling Plaintiff to an

13 | order requiring Defendants to pay restitution for moneys wrongfully obtained through Defendants'

14 | illegal business practices and to injunctive relief barring Defendants' above-described unfair,

15 | unlawful and/or fraudulent practices.

16 |     117.    Under California law, virtually any law, federal, state or local can serve as a predicate

17 | for an action under <u>Business and Professions Code</u> § 17200.  Section 17200 "borrows" violations of

18 | other laws and treats them as unlawful practices independently actionable under the unfair

19 | competition law.  (<u>See</u> <u>Smith v. State Farm Mutual Automobile Insurance Co., et al.</u>, 93 Cal.App.4[th]

20 | 700 (2001)).

21 |     118.    Injunctive relief and/or restitution is the remedy authorized for violation of Section

22 | 17200.  "Any person who engages, has engaged, or proposes to engage in unfair competition may be

23 | enjoined in any court of competent jurisdiction.  The court may make such orders or judgments,

24 | including the appointment of a receiver, as may be necessary to prevent the use or employment by

25 | any person of any practice which constitutes unfair competition. . .or as may be necessary to restore

26 | to any person in interest any money . . .which may have been acquired by means of such unfair

27 | completion."  (<u>See</u> <u>Business and Professions Code</u> § 17203).

28 | //

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.     For an award of compensatory damages and other special and general damages according to proof;

2.     For an award of mental and emotional distress damages;

3.     For an award of punitive damages;

4.     For an award of interest, including pre-judgment and post-judgment interests, at the legal rate;

5.     For an award of attorney fees;

6.     For an award of costs of suit incurred;

7.     For injunctive relief; and

8.     For an award to Plaintiff for such other further relief as this Court deems just and proper.


Dated: November 2, 2018                                THE COCHRAN FIRM – CALIFORNIA

                                           By:  _____
                                                Anahita Sedaghatfar, Esq.
                                                Attorney for Plaintiff, JANE DOE

COMPLAINT

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** CALIFORNIA INSTITUTE OF
*(AVISO AL DEMANDADO):* TECHNOLOGY, a California Corporation;
▓▓▓▓▓▓▓▓▓▓▓▓▓ an individual; KEVIN GILMARTIN, an
individual; and DOES 1 through 100, inclusive,

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 02 2018

Sherri R. Carter, Executive Officer/Clerk

By Shaunya Bolden, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** JANE DOE, an individual,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número de Caso):* 18 STCV03523 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STANLEY MOSK COURTHOUSE
111 NORTH HILL STREET
LOS ANGELES, CALIFORNIA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
ANAHITA SEDAGHATFAR, ESQ. (SBN 217289)     Tel: (323) 435-8205 Fax: (323) 282-5280
THE COCHRAN FIRM - CALIFORNIA
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010-3889

SHERRI R. CARTER

| DATE: NOV 0 2 2018 | Clerk, by | SHAUNYA BOLDEN | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*                                      Page 1 of 1

| Form Adopted for Mandatory Use | **SUMMONS** | Legal Solutions Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|
| Judicial Council of California | | | |
| SUM-100 [Rev. July 1, 2009] | | | |

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/02/2018**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ Shaunya Bolden _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>18STCV03523 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Elaine  Lu | 5 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 11/02/2018
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By Shaunya Bolden _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

1  ANAHITA SEDAGHATFAR, ESQ. (SBN 217289)
   **THE COCHRAN FIRM – CALIFORNIA**
2  4929 Wilshire Boulevard, Suite 1010
   Los Angeles, California 90010-3856
3  Telephone: (323) 435-8205
   Facsimile: (323) 282-5280
4
5  Attorneys for Plaintiff JANE DOE
6
7
8              **SUPERIOR COURT OF CALIFORNIA.**
9               **COUNTY OF LOS ANGELES**
10
11 JANE DOE, an individual,              **CASE NO.:18STCV03523**
12              Plaintiff,
13 Vs.                                   **PROOF OF SERVICE OF NOTICE AND**
                                         **ACKNOWLEDGEMENT OF RECEIPT – CIVIL**
14 CALIFORNIA INSTITUTE OF
   TECHNOLOGY; ███████████
15 KEVIN GILMARTIN
16
17
18
19
20
21
22
23
24
25
26
27
28

-1-

**PROOF OF SERVICE OF NOTICE AND ACKNOWLEDGEMENT OF RECEIPT - CIVIL**

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* SBN 217289<br>ANAHITA SEDAGHATFAR, ESQ.<br>THE COCHRAN FIRM<br>4929 WILSHIRE BOULEVARD, SUITE 1010<br>LOS ANGELES, CA 90010<br>TELEPHONE NO.: (323) 435-8205          FAX NO. *(Optional):* (323) 282-8280<br>E-MAIL ADDRESS *(Optional):* asedaghatfar@cochranfirm.com<br>ATTORNEY FOR *(Name):* Plaintiff JANE DOE | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS: 111 NORTH HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

PLAINTIFF/PETITIONER: JANE DOE, an individual

DEFENDANT/RESPONDENT: Calif Institute of Technology; ████████, Kevin Gilmartin

| | |
|---|---|
| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>18STCV03523 |

TO *(insert name of party being served):* MOEZ KABA, ESQ. For CALIFORNIA INSTITUTE OF TECHNOLOGY

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: December 21, 2018

ANAHITA SEDAGHATFAR, ESQ.
(TYPE OR PRINT NAME)                                    ► _____
                                                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑  A copy of the summons and of the complaint.
2. ☐  Other *(specify):*
        Notice of Case Assignment - Unlimited Civil Case

*(To be completed by recipient):* *January 10, 2019*

Date this form is signed:

MOEZ KABA, ESQ. For Calif Inst of Technology            ► _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

1

## **PROOF OF SERVICE**

2  I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 523 West 6th Street, Suite 400, Los

3  Angeles, CA 90014.

4  On January 10, 2019, I caused to be served the foregoing document(s) described as: **NOTICE AND ACKNOWLEDGMENT OF RECEIPT (California Institute of Technology)**

5  on the interested parties in this action as stated below:

6  Anahita Sedaghatfar
The Cochran Firm

7  4929 Wilshire Blvd., Suite 1010
Los Angeles, CA 90010

8

9  ☒  (BY PERSONAL SERVICE) I caused a true copy of the foregoing document(s) to be placed in a sealed envelope and delivered by hand to the offices of each interested party at

10  the above addressee(s) via messenger.

11  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

12

13  Executed on January 10, 2019, at Los Angeles, California.

14  _____
Debi Del Grande                                                   _____

15  (Type or print name)                                             (Signature)

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

5459276

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is: The Cochran Firm – California, 4929 Wilshire Boulevard, Suite 1010, Los Angeles, California 90010.

On January 11, 2019, I served true copies of the following document(s):

**PROOF OF SERVICE OF NOTICE AND ACKNOWLEDGEMENT OF RECEIPT – CIVIL**

By the method(s) indicated below, on the interested parties in this action by placing true copies enclosed in a sealed envelope addressed as follows or as shown on the attached Service List:

| | |
|---|---|
| Moez M. Kaba, Esq.<br>Hueston Hennigan, LLP<br>Attorney at Law<br>523 West 6th Street, Ste. 1400<br>Los Angeles, CA 90014<br>Telephone: (213) 788-4543<br>mkaba@hueston.com | *Attorneys for Defendants California Institute of Technology and Kevin Gilmartin* |

[X]     BY U.S. MAIL: I placed the sealed envelope, with postage fully prepaid, for collection and mailing at The Cochran Firm in Los Angeles, California, following ordinary business practices. I am readily familiar with the Firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, and under that practice the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

[ ]     BY FAX: I transmitted the foregoing document by facsimile transmission from (323) 282-5280 to the facsimile number of the addressee as noted above or in the attached Service List. The transmission was reported as complete and without error on the transmission report, which was properly issued by the transmitting facsimile machine.

[]     BY ELECTRONIC TRANSMISSION: I transmitted the foregoing document by e-mail to the e-mail address of the addressee as noted above or in the attached Service List.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 11, 2019, at Los Angeles, California.

BETTY J. SYKES

1

PROOF OF SERVICE

1   ANAHITA SEDAGHATFAR, ESQ. (SBN 217289)
    **THE COCHRAN FIRM – CALIFORNIA**
2   4929 Wilshire Boulevard, Suite 1010
    Los Angeles, California 90010-3856
3   Telephone: (323) 435-8205
    Facsimile: (323) 282-5280
4
5   Attorneys for Plaintiff JANE DOE
6
7
8                  **SUPERIOR COURT OF CALIFORNIA.**
9                     **COUNTY OF LOS ANGELES**
10
11  JANE DOE, an individual,            **CASE NO.:18STCV03523**
12              Plaintiff,
13  Vs.                                 **PROOF OF SERVICE OF NOTICE AND**
                                        **ACKNOWLEDGEMENT OF RECEIPT – CIVIL**
14  CALIFORNIA INSTITUTE OF
    TECHNOLOGY; ███████████
15  KEVIN GILMARTIN
16
17
18
19
20
21
22
23
24
25
26
27
28

                                    -1-

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): SBN 217289<br>ANAHITA SEDAGHATFAR, ESQ.<br>THE COCHRAN FIRM<br>4929 WILSHIRE BOULEVARD, SUITE 1010<br>LOS ANGELES, CA 90010<br>TELEPHONE NO.: (323) 435-8205      FAX NO. (Optional): (323) 282-8280<br>E-MAIL ADDRESS (Optional): asedaghatfar@cochranfirm.com<br>ATTORNEY FOR (Name): Plaintiff JANE DOE | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS: 111 NORTH HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

PLAINTIFF/PETITIONER: JANE DOE, an individeual

DEFENDANT/RESPONDENT: Calif Institute of Technology; ███████, Kevin Gilmartin

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>18STCV03523 |
|---|---|

TO (insert name of party being served): MOEZ KABA, ESQ. For KEVIN GILMARTIN

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: December 21, 2018

ANAHITA SEDAGHATFAR, ESQ.
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓] A copy of the summons and of the complaint.
2. [ ] Other (specify):
   Notice of Case Assignment - Unlimited Civil Case

(To be completed by recipient):

Date this form is signed: January 10, 2019

MOEZ KABA, ESQ. For Kevin Gilmartin
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

1

## **PROOF OF SERVICE**

2      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 523 West 6th Street, Suite 400, Los

3 Angeles, CA 90014.

4      On January 10, 2019, I caused to be served the foregoing document(s) described as: **NOTICE AND ACKNOWLEDGMENT OF RECEIPT (Kevin Gilmartin)** on the interested

5 parties in this action as stated below:

6      Anahita Sedaghatfar
     The Cochran Firm
7      4929 Wilshire Blvd., Suite 1010
     Los Angeles, CA 90010

8

9    [X]    (BY PERSONAL SERVICE) I caused a true copy of the foregoing document(s) to be placed in a sealed envelope and delivered by hand to the offices of each interested party at

10 the above addressee(s) via messenger.

11      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

12

13      Executed on January 10, 2019, at Los Angeles, California.

14      Debi Del Grande
     _____       _____
15      (Type or print name)                     (Signature)

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

5459276

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is: The Cochran Firm – California, 4929 Wilshire Boulevard, Suite 1010, Los Angeles, California 90010.

On January 11, 2019, I served true copies of the following document(s):

**PROOF OF SERVICE OF NOTICE AND ACKNOWLEDGEMENT OF RECEIPT – CIVIL**

By the method(s) indicated below, on the interested parties in this action by placing true copies enclosed in a sealed envelope addressed as follows or as shown on the attached Service List:

| | |
|---|---|
| Moez M. Kaba, Esq.<br>Hueston Hennigan, LLP<br>Attorney at Law<br>523 West 6th Street, Ste. 1400<br>Los Angeles, CA 90014<br>Telephone:  (213) 788-4543<br>mkaba@hueston.com | *Attorneys for Defendants California Institute of Technology and Kevin Gilmartin* |

[X]      BY U.S. MAIL: I placed the sealed envelope, with postage fully prepaid, for collection and mailing at The Cochran Firm in Los Angeles, California, following ordinary business practices.  I am readily familiar with the Firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, and under that practice the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business.

[ ]      BY FAX:  I transmitted the foregoing document by facsimile transmission from (323) 282-5280 to the facsimile number of the addressee as noted above or in the attached Service List. The transmission was reported as complete and without error on the transmission report, which was properly issued by the transmitting facsimile machine.

[]      BY ELECTRONIC TRANSMISSION:  I transmitted the foregoing document by e-mail to the e-mail address of the addressee as noted above or in the attached Service List.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 11, 2019, at Los Angeles, California.

BETTY J. SYKES

1

PROOF OF SERVICE