BRIAN DUNN, ESQ. (SBN 176502)
Email: bdunn@cochranfirm.com
ANAHITA SEDAGHATFAR, ESQ. (SBN 217289)
Email: asedaghatfar@cochranfirm.com
**THE COCHRAN FIRM – CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010-3856
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

Attorneys for Plaintiff/Counter-Defendant
JANE DOE

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual,<br>　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA INSTITUTE OF TECHNOLOGY, a California corporation;<br>JOHN DOE, an individual; KEVIN GILMARTIN, an individual; and DOES 1 through 100, inclusive,<br>　　　Defendants. | Case No. 2:19-cv-1005-AB-KS<br><br>**PLAINTIFF'S OPPOSITION TO CALIFORNIA INSTITUTE OF TECHNOLOGY'S REQUEST FOR INCORPORATION BY REFERENCE**<br><br>[Filed concurrently with Plaintiff's Opposition to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint]<br><br>Judge:　　Hon. André Birotte Jr.<br>Date:　　　May 10, 2019<br>Time:　　　10:00 a.m.<br>Location:　Courtroom: 7B |
| JOHN DOE, an individual<br>　　　Counterclaimant,<br><br>　　v.<br><br>JANE DOE, an individual,<br>　　　Counter-Defendant. | |
| JOHN DOE, an individual<br>　　　Cross Claimant<br><br>　　v.<br><br>CALIFORNIA INSTITUTE OF TECHNOLOGY, a California corporation,<br>　　　Cross Defendant. | |

1

PLEASE TAKE NOTICE that Plaintiff JANE DOE ("Plaintiff") hereby respectfully requests that the Court disregard, strike, and not consider in ruling on Defendants CALIFORNIA INSTITUTE OF TECHNOLOGY ("Caltech") and KEVIN GILMARTIN ("Gilmartin") (together "Defendants") Motion to Dismiss ("Motion") the allegations set forth at Paragraph 6 of the Declaration of Kathrynne Seiden and "Exhibit A" thereto.

In support of their Motion, Defendants impermissibly ask the Court to consider the subject two letters dated June 26, 2018 attached as "Exhibit A" to the Declaration of Kathrynne Seiden ("Letters"). However, it is established that the Court's inquiry into whether a claim may survive a 12(b)(6) motion to dismiss is limited to the allegations in the complaint. *Lazy Y. Ranch LTD v. Behrens, Inc,* (9th Cir. 2008) 546 F.3d 580, 587. While it is true that incorporation by reference is permitted under rare circumstances, there is no basis to do so in this case. Even Defendants' own cited cases demonstrate that the Letters fall outside of the scope of the limited application of the incorporation by reference doctrine. Defendants rely most heavily on *Khoja v. Orexigen Theraputics, Inc.,* (9th Cir. 2018) 899 F.3d 988, in which the court defines incorporation by reference as a judicially created doctrine that treats certain documents as though they are part of the complaint itself. *Khoja* at 1002. The *Khoja* court goes on to discuss its application of the doctrine, citing its own language to establish the following: "[W]e said that a defendant may seek to incorporate a document into the complaint '**if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.**' (citation omitted) **How 'extensively' must the complaint refer to the document? This court has held that 'the mere mention of the existence of a document is insufficient to incorporate the contents of a document'**"*Id.* (emphasis added.) In *Branch v. Tunnell,* (9th Cir. 1993) 14 F.3d 449, 453-54, the court similarly held that incorporation by reference would only be justified in situations where the contents of a document are specifically alleged in a complaint. *Anderson v. Clow (In re Stac Elec. Secs. Litig.,* (9th Cir. 1996) 89 F.3d 1399 is

easily distinguishable from the present case because the *Anderson* plaintiff's entire complaint is based on the contents of a document, which differs sharply from the basis of Plaintiff's allegations.

It is apparent from precedent that a mention of the existence of a document is not enough to justify incorporation by reference. In her entire 25-page Second Amended Complaint, ("SAC") Plaintiff mentioned the existence of **only one of** the Letters **in a single paragraph: ¶34**. This clearly does not meet the *Khoja* court's articulated threshold for incorporation by reference. Defendants' quotations, which they claim to be references to the contents of the Letters, actually are not quotations from the Letters. If Defendants had faithfully compared what Plaintiff alleged in her SAC to the language in the Letters, this Request for Incorporation by Reference would never have been filed. In claiming that the Letters say more than what they do, Defendants improperly attempt to transform their 12(b)(6) into a Motion for Summary Judgment. Plaintiff does not have the burden to prove her case on a 12(b)(6) motion, which merely tests the sufficiency of the pleadings. *Lazy* at 857.

The *Khoja* court further elucidates its construction of the incorporation by reference doctrine, saying that "if a document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint" (*Khoja* at 1002) and "[a]lthough the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, **the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim.**" (*Khoja* at 1003) (emphasis added.) It is clear that Defendants may not use the incorporation by reference doctrine in the manner they attempt to do so before this Court.

Therefore, incorporation by reference of the purported June 26, 2018 Letters based on a single reference to the Letters in the SAC ¶ 34 is impermissible. The law on this matter mandates that a plaintiff specifically reference the contents of a document before the document may be incorporated by reference. Moreover, consideration of these Letters would improperly transform Defendants' 12(b)(6) motion into a Motion

1 | for Summary Judgment.

2 | Therefore, Plaintiff respectfully request that Defendants' Request be denied.

6 | DATED: April 16, 2019          **THE COCHRAN FIRM – CALIFORNIA**

By: *[signature]*
ANAHITA SEDAGHATFAR, ESQ.
Attorneys for Plaintiff/Counter-Defendant
Jane Doe

4

PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST FOR INCORPORATION BY REFERENCE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS