1  BRIAN DUNN, ESQ. (SBN 176502)
   Email: bdunn@cochranfirm.com
2  ANAHITA SEDAGHATFAR, ESQ. (SBN 217289)
   Email: asedaghatfar@cochranfirm.com
3  **THE COCHRAN FIRM – CALIFORNIA**
   4929 Wilshire Boulevard, Suite 1010
4  Los Angeles, California 90010-3856
   Telephone: (323) 435-8205
5  Facsimile: (323) 282-5280
   Attorneys for Plaintiff/Counter Defendant
6  JANE DOE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANE DOE, an individual,<br><br>            Plaintiff,<br>    vs.<br>CALIFORNIA INSTITUTE OF TECHNOLOGY, a California Corporation; JOHN DOE, an individual; KEVIN GILMARTIN, an individual; and DOES 1 through 100, inclusive,<br><br>            Defendants.<br>_____<br>JOHN DOE, an individual,<br>            Counter Claimant,<br>    vs.<br>JANE DOE, an individual,<br>            Counter Defendant,<br>_____<br>JOHN DOE, an individual,<br>            Cross-Claimant,<br>    vs.<br>CALIFORNIA INSTITUTE OF TECHNOLOGY, a California Corporation,<br>            Cross-Defendant.<br>_____ | Case No.  2:19-cv-1005-AB-KS<br><br>**JOINT RULE 26(f) REPORT**<br><br>District Judge: Hon. Andre Birotte Jr.<br><br>Date:  May 24, 2019<br>Time:  10:00 a.m. |

1
JOINT RULE 26(f) REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's Order Setting Scheduling Conference (Dkt. No. 19), Plaintiff and Counter-Defendant Jane Doe ("Jane"), Defendant and Cross Defendant California Institute of Technology ("Caltech"), Defendant Kevin Gilmartin ("Gilmartin"), and Defendant, Counter Claimant, and Cross Claimant John Doe ("John") hereby submit the following Joint Rule 26(f) Report after having met and conferred on the issues contemplated herein on May 1, 2019.

## I. Brief Factual Summary of the Case and Claims Being Asserted

<u>Plaintiff Jane Doe</u>: Plaintiff is a 20 year old Asian American female who was, and still is, an undergraduate student at Defendant California Institute Of Technology. Defendant John Doe is a Caucasian 21 year old male who was, and still is, an undergraduate student and star athlete at Caltech. This is a case involving the intentional coercion, false imprisonment, sexual assault and rape of Plaintiff, on or about August 17, 2017 in a dormitory at Caltech at the hands of John, the subsequent botched Title IX purported "investigation" conducted by Caltech and the hostile educational environment created by Caltech which, to date, continues to exist. Defendant Gilmartin was and is the Dean of Undergraduate Students at Caltech and was in charge of overseeing Caltech's purported Title IX investigation at issue in this case. As a result of the rape, Plaintiff has suffered and continues to suffer from extreme emotional distress, PTSD and various other ailments for which she is seeking treatment. After the rape and because Caltech permitted John to continue attending Caltech, Plaintiff attempted to transfer to Cornell University. However, because Caltech advised Cornell that Plaintiff was subjected to discipline, Cornell did not accept Plaintiff. Plaintiff seeks damages for her physical, emotional and financial injuries. Plaintiff has alleged the following causes of action: Violation of 20 U.S.C. §1681 (TITLE IX), Assault, Battery, Sexual Battery, Negligence, Violation of <u>Civil Code</u> §52.4, *et seq.*, Violation Of <u>Civil Code</u> §52.1, *et seq.*, Violation of <u>Civil Code</u> §51.7, *et seq.*, False Imprisonment, Intentional Infliction Of Emotional Distress,

Negligent Infliction of Emotional Distress, Violation of <u>Business & Professions Code</u> §17200, *et seq.*, and Breach of Contract.

Defendant John Doe has filed counter claims against Plaintiff and Cross Claims against Caltech.

<u>Defendants Caltech and Kevin Gilmartin:</u>

Jane Doe and John Doe engaged in sexual activity at a party prior to the 2017-2018 school year. Both students subsequently filed complaints with Caltech's Title IX office claiming that the other engaged in sexual misconduct. Caltech immediately launched an investigation into the students' claims. As part of its investigation, Caltech's faculty investigators reviewed documentary evidence and interviewed more than a dozen witnesses, including both John and Jane on several occasions. And on several occasions, Caltech's Title IX Coordinator met with both students to go over the school's Sexual Misconduct Policy, a copy of which was provided to both students at the outset of the investigation. After giving the parties a chance to comment on the evidence, Caltech's investigators completed their investigation in early February 2018. The investigators sent their final, 42-page investigative report to Caltech's Dean of Students, Kevin Gilmartin ("Gilmartin"), to render a final decision. The investigators found that both parties had violated Caltech's Sexual Misconduct Policy and that John had additionally violated Caltech's Honor Code, which prohibits taking advantage of another member of the Caltech community.

Gilmartin met with each student to discuss the findings. In lieu of issuing formal findings and sanctions, and given the unique circumstances of this case, Gilmartin spent months attempting to negotiate an informal, "Remedy-Based Resolution" that would provide both parties a way to successfully move forward with their education at Caltech, minimize any potential for contact between the two, and avoid having the findings against them become part of their education record. After months of negotiations, Jane ultimately rejected the R-BR. Gilmartin therefore

accepted the investigators' findings and imposed sanctions on both parties, neither of which included suspension or expulsion.

Despite Caltech having gone out of its way to protect both students' interests and to comply with its Title IX obligations, both parties now seek to hold Caltech (and, in Jane's case, Gilmartin) liable for a variety of statutory, tort-based, and contract claims for supposedly favoring the other. Meanwhile, despite persisting in arguing that Caltech has been deliberately indifferent to her, Jane has repeatedly refused to accede to Caltech's attempts to help with both her Cornell transfer and with preventing interaction between her and John on campus. These occurrences are absent from her pleading. Caltech understands that the August 2017 incident was upsetting to both students, but rejects the students' attempt to turn a school disciplinary proceeding that was handled more than fairly into an opportunity to wrestle a settlement out of their University.

<u>Defendant John Doe</u>: John Doe denies all allegations by Jane Doe. As confirmed by Janes own recorded statements to Caltech investigators, as well as her own texting history, together with recorded interviews of multiple witnesses, Jane Doe not only consented to engage in sexual activity with John Doe, she did so at a time when she was fully aware that he was incapable of consenting due to incapacitation from alcohol and further knowing that he was in a serious relationship with one of Jane's friends. After a lengthy investigation, Caltech determined that Jane sexually assaulted John by having intercourse with John without his consent due to his incapacitation. Based on these facts, John asserts various counter-claims against Jane, including claims for Defamation, Assault, Battery, Sexual Battery, and Intentional/Negligent Infliction of Emotional Distress.

John also asserts cross-claims against Caltech arising out of the Title IX investigation and adjudication in which Caltech determined that John was partially responsible for his own sexual assault and punished more harshly than his assaulter for his conduct. In short, John alleges that Caltech purposefully skewed the results of

the Title IX investigation and caused its investigators to alter their initial findings exonerating John because of political pressure and media scrutiny calling into question whether the school was adequately protecting women from campus sexual assault. John further alleges that Caltech attempted to force John to leave the university to avoid finalizing its adjudication rather than decide the case correctly on the merits because it feared negative publicity and litigation based on threats from Jane. John alleges that Caltech's conduct in this case was motivated by gender bias and that its final disciplinary ruling was wrongly decided against him. Based on those allegations, John asserts cross-claims against Caltech for violating Title IX of the Education Amendments Act of 1972, Breach of Contract, Promissory Estoppel, and Negligent/Intentional Infliction of Emotional Distress.

## II. Subject Matter Jurisdiction

The Court has subject matter jurisdiction over this case pursuant to 18 U.S.C. § 1331 because both Jane and John assert claims under 20 U.S.C. § 1681 ("Title IX").

John Doe also asserts diversity jurisdiction pursuant to 28 U.S.C. 1332. Plaintiff reserves the right to challenge this Court's jurisdiction.

## III. Legal Issues

The parties have addressed a number of legal issues in response to Caltech's Motions to Dismiss now pending before the court.

## IV. Parties, Evidence, Etc.

The parties are:

Plaintiff/Counter Defendant Jane Doe (student at Caltech)

Defendant/Counter Claimant John Doe (student at Caltech)

Defendant/Counter Defendant Caltech (college)

Defendant/Counter Defendant Gilmartin (dean of Caltech)

The percipient witnesses are:

In addition to the parties, percipient witnesses are students present at the dorm room on the night of the incident, Felicia Hunt (Title IX Coordinator), Joseph

Shepard (VP of Student Affairs), Barbara Green, Tom Soifer, Jane Doe's mother, all students interviewed by Caltech investigators.

Key Documents:

Title IX investigative documents, Caltech Title IX, Sexual Assault, Student Disciplinary policies, Caltech Title IX and student discipline training material, statistical data regarding student disciplinary outcomes, investigative reports and adjudications in cases involving similarly situated students.

Caltech disagrees that these are the key documents in this case.

Subsidiaries, Parents and Affiliates:

None.

## V. Damages

Plaintiff: Plaintiff has sustained extreme emotional damages and has been diagnosed with mental health issues which will last for her lifetime. Moreover, Plaintiff's future career prospects and earning potential has been intentionally diminished due to Defendants' conduct. As such, Plaintiff's provable damages are in the high 7 figures, not including attorneys' fees which will exceed $1million through trial, if not more.

John Doe: emotional damages, loss of future earning capacity, attorneys' fees.

## VI. Insurance

Not as to Plaintiff.

John Doe's parents submitted a claim to their homeowner's and personal umbrella policies under Nationwide. Nationwide provided a reservation of rights letter noting multiple exclusions. At this time, Nationwide has indicated that it does not believe coverage exists, but that its coverage investigation is ongoing.

Caltech is insured.

## VII. Dispositive Motions/Additional Parties

Plaintiff: anticipates filing a motion for financial discovery as it pertains to Defendants and may move for summary judgment or summary adjudication.

<u>Defendants Caltech and Gilmartin</u>: If any of Jane's or John's claims against Caltech or Gilmartin proceed, Caltech and Gilmartin anticipate moving for summary judgment.

<u>Defendant John Doe</u>: John may move for summary judgment, if appropriate, at the conclusion of discovery.

<u>Plaintiff</u>: does not anticipate joining any additional parties at this time.

<u>Defendants Caltech and Gilmartin</u>: Caltech and Gilmartin do not anticipate adding any additional parties.

<u>Defendant John Doe</u>: John Doe does not anticipate adding additional parties at this time. However, John reserves the right to revisit this decision based on discovery and based on legal developments, including the federal district court's pending ruling in the matter of Doe v. California Institute of Technology, et al., 2:18-cv-09178, addressing whether individual defendants at Caltech may be subject to liability under 42. U.S.C. § 1983.

## VIII. Complexity

This case is not complex. There is no need for reference to the procedures set forth in the Manual on Complex Litigation.

## IX. Status of Discovery

The parties have not yet engaged in any discovery.

## X. Discovery Plan

<u>Plaintiff</u>: will seek discovery related to: (1) individuals that conducted and participated in and Caltech's Title IX investigation; (2) incidents of sexual assault and rape on Caltech's campus; (3) Caltech's policies and procedures regarding Title IX investigations and appeals thereof; (4) damages claimed by John Doe, (5) Defenses alleged by Caltech and Gilmartin. Plaintiff intends to propound a set of Form Interrogatories, Special Interrogatories, Requests for Admission and Requests for Production of Documents to each Defendant. Plaintiff intends to take the depositions of all Defendants, students who were present in the dorm room the night of the rape,

the Caltech Title IX investigators, the Title IX coordinator Felicia Hunt, VP of Student Affairs Joseph Shepard.

<u>Defendants Caltech and Gilmartin</u>: Caltech and Gilmartin will seek to take Jane's and John's depositions, and may seek the depositions of other relevant witnesses. Caltech and Gilmartin also intend to serve interrogatories, document requests, and requests for admission. Both Jane and John have suggested that they will seek discovery related to Caltech's general Title IX processes. Caltech anticipates that disputes will arise over Caltech's obligation to respond to requests that do not involve the specific Title IX investigations at issue in this litigation.

<u>Defendant John Doe</u>: The subjects on which discovery may be needed include, but are not limited to: all records related to the University's investigation and adjudication of John's and Jane's sexual misconduct complaints; records related to the University's adoption and implementation of policies and procedures related to sexual misconduct disciplinary proceedings and outcomes; records related to the University's selection and training of personnel involved in the adjudication process; records related to the University's adjudications of other similar incidents of alleged sexual misconduct including cases of alleged lack of consent based on incapacitation. John Doe also anticipates taking depositions of most or all University personnel involved in the underlying Title IX investigation and adjudication, as well as certain witnesses interviewed by investigators in the underlying investigation.

The parties do not propose to conduct discovery in phases. The parties consent to receive by e-mail all discovery responses that are capable to be received via electronic means.

## RULE 26 DISCOVERY PLAN
### A. Initial Disclosures

The Parties do not seek any changes to the timing, form or requirements for initial disclosures. The parties agree to exchange Initial Disclosures via email within 14 days of the Joint Scheduling Conference.

**B.     Protective Order**

Defendant: Given that Jane and John are proceeding by pseudonym in this action, the Parties will require a Protective Order in this action. The Parties agree to meet and confer regarding a Protective Order and to submit a Stipulated Protective Order to the Court for approval within 21 days of the Joint Scheduling Conference.

Plaintiff: Plaintiff does not agree that a Protective Order is warranted in this case as there are no trade secret issues or other matters that warrant same. Plaintiff agrees to meet and confer with the parties as to why they believe one is necessary.

**C.     Electronic Discovery**

Plaintiff: hereby requests that, as part of initial disclosures, Defendant Caltech produce all surveillance audio and video footage recorded the night of the alleged rape and which is in its possession or under its control. Defendant has an ongoing duty to preserve these video tapes and can no longer destroy or copy over such videotape footage. Plaintiff agrees to comply with the requirements set forth in Fed. R. Civ. P. 26(f)(3)(C) and anticipates that the parties will be able to reach an agreement on the format and manner of production of ESI.

Defendants Caltech and Gilmartin: Caltech and Gilmartin agree to comply with the requirements set forth in Fed. R. Civ. P. 26(f)(3)(C) and to cooperate in locating and producing any relevant ESI. Caltech and Gilmartin reserve the right to bring any discovery disputes to the Magistrate Judge should efforts to meet and confer regarding the scope of relevant ESI be unsuccessful.

Defendant John Doe: John Doe agrees to comply with the requirements set forth in Fed. R. Civ. P. 26(f)(3)(C) and anticipates that the parties will be able to reach an agreement on the format and manner of production of ESI.

**XI.    Expert Witnesses**

The parties do not propose any changes to the timing requirements found under Rule 26(a)(2)(D)&(E) of the Federal Rules of Civil Procedure for the disclosure of expert witnesses.

## XII. Settlement/ADR

The parties engaged in a full day mediation with a private mediator prior to the filing of this lawsuit.

Plaintiff: Plaintiff does not believe another mediation would be fruitful prior to depositions of the parties and key witnesses are taken.

Defendants Caltech and Gilmartin: Caltech and Gilmartin agree that a mediation would not be helpful at this stage.

Defendant John Doe: John Doe agrees that a mediation is unlikely to be helpful, at least prior to the Court's disposition of the pending Motions to Dismiss.

## XIII. Trial Estimate

Plaintiff: anticipates a 4-5 day jury trial. Plaintiff proposes that the Final Pretrial Conference be set for March 16, 2020 and trial be set for March 30, 2020. Plaintiff anticipates calling 10 witnesses.

DefendantsCaltech and Gilmartin anticipate a 4-5 day trial and propose that the Final Pretrial Conference be set for May 1, 2020 and the trial be set for May 19, 2020.

Defendant John Doe: anticipates a 4-5 day trial and proposes that the Final Pretrial Conference be set for March 16, 2020, and that the trial date be set for March 30, 2020.

## XIV. Trial Counsel

Plaintiff: Anahita Sedaghatfar and Brian Dunn of The Cochran Firm – California.

John Doe: Patricia Hamill and Andrew Gallinaro of Conrad O'Brien PC and Michael Zweiback of Zweiback Fiset & Coleman.

Caltech and Gilmartin: Moez Kaba, Michael Behrens and Kathrynne Seiden (Hueston Hennigan LLP).

## XV. Independent Expert of Master

None of the parties anticipate the need for a master.

///
///

### G. Other Orders

The parties do not propose that the Court issue any other orders under Rules 16(b), 16(c) or 26(c) of the Federal Rules of Civil Procedure. The parties propose the following case management dates:

See attached Judge Andre Birotte Jr.'s Schedule of Pretrial and Trial Dates Worksheet

# JUDGE ANDRÉ BIROTTE JR.
## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
***The Court ORDERS the parties to make every effort to agree on dates.***

| Case No. 2:19-cv-01105 | | Case Name: Jane Doe v. California Institute of Technology, et al. | | | |
|---|---|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date** mm/dd/yyyy | **Def(s)' Date** mm/dd/yyyy | **Def(s)' Date** mm/dd/yyyy | **Court Order** mm/dd/yyyy |
| Check one: [x] Jury Trial or [ ] Court Trial (***Tuesday*** at 8:30 a.m., within 18 months after **Complaint filed**) Estimated Duration: 5 – 7 Days | | Jane Doe 3/31/2020 | John Doe 3/31/2020 | Caltech 5/19/2020 | [ ] Jury Trial [ ] Court Trial ___ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine (***Friday*** at 11:00 a.m., at least 17 days before trial) | | Jane Doe 3/31/2020 | John Doe 3/13/2020 | Caltech 5/1/2020 | |
| **Event** [1] *Note:* Hearings shall be on Fridays at 10:00 a.m. Other dates can be any day of the week. | **Weeks Before FPTC** | **Pl(s)' Date** mm/dd/yyyy | **Def(s)' Date** mm/dd/yyyy | **Def(s)' Date** mm/dd/yyyy | **Court Order** mm/dd/yyyy |
| Last Date to ***Hear*** Motion to Amend Pleadings /Add Parties *[Friday]* | | Jane Doe: 9/23/19 | John Doe: 9/23/19 | Caltech: 9/20/2019 | |
| Non-Expert Discovery Cut-Off **(no later than deadline for *filing* dispositive motion)** | 17 | Jane Doe: 11/18/19 | John Doe: 11/18/19 | Caltech: 1/10/2020 | |
| Expert Disclosure (Initial) | | Jane Doe: 11/18/19 | John Doe: 11/18/19 | Caltech: 12/6/2019 | |
| Expert Disclosure (Rebuttal) | | Jane Doe: 12/9/19 | John Doe: 12/9/19 | Caltech: 1/10/2020 | |
| Expert Discovery Cut-Off | $12^2$ | Jane Doe: 12/23/19 | John Doe: 12/23/19 | Caltech: 1/24/2020 | |
| Last Date to ***Hear*** Motions *[Friday]* • Rule 56 Motion due at least 5 weeks before hearing • Opposition due 2 weeks after Motion is filed • Reply due 1 week after Opposition is filed | 12 | Jane Doe: 1/06/20 | John Doe: 1/06/20 | Caltech: 2/7/2020 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select one:* [ ] 1. Magistrate Judge *(with Court approval)* [x] 2. Court's Mediation Panel [ ] 3. Private Mediation | 10 | Jane Doe: 1/20/20 | John Doe: 1/20/20 | Caltech: 2/21/2020 | [ ] 1. Mag. J. [ ] 2. Panel [ ] 3. Private |
| **Trial Filings (first round)** • Motions In Limine • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)* • Declarations containing Direct Testimony, if ordered *(court trial only)* | 3 | Jane Doe: 2/24/20 | John Doe: 2/24/20 | Caltech: 4/10/2020 | |

| | | | | | |
|---|---|---|---|---|---|
| **Trial Filings (second round)**<br>• Oppositions to Motions In Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions *(jury trial only)*<br>• Disputed Proposed Jury Instructions *(jury trial only)*<br>• Joint Proposed Verdict Forms *(jury trial only)*<br>• Joint Proposed Statement of the Case *(jury trial only)*<br>• Proposed Additional Voir Dire Questions, if any *(jury trial only)*<br>• Evidentiary Objections to Decls. of Direct Testimony  *(court trial only)* | 2 | Jane Doe:<br>3/2/20 | John Doe:<br>3/2/20 | Caltech:<br>4/17/2020 | |

[1] The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. <u>*Class actions and patent and ERISA cases in particular may need to vary from the above.*</u>

[2] The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.

Dated: July 9, 2019            THE COCHRAN FIRM-CA

By: _____

Anahita Sedaghatfar, Esq.
Attorney for Plaintiff/Counter Defendant
JANE DOE

Dated: July 9, 2019            HUESTON HENNIGAN LLP

By: __/ s /_____

Moez M. Kaba, Esq.
Michael A. Behrens, Esq.
Kathrynne N. Seiden, Esq.
Attorneys for Defendants
CALIFORNIA INSTITUTE OF
TECHNOLOGY and KEVIN GILMARIN

Dated: July 9, 2019            ZWEIBACK, FISET & COLEMAN LLP

By: __/ s /_____

Andrew Gallinaro, Esq.
Attorney for Defendant/Cross-Claimant
Counter-claimant JOHN DOE